**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RANDY L. RAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.  CIV-08-0834-HE |
| | ) | |
| THE CITY OF ALTUS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Randy L. Ray filed this action *pro se* against the City of Altus, its Chief of Police, Mike Patterson, a detective with the police department, Bob McGill, Ambre Gooch,[1] and unknown agents, alleging federal and state law claims arising out a § 1983 lawsuit he filed in 2006 ("2006 action").[2] The plaintiff asserts conspiracy and violation of due process claims against all defendants and a negligence claim against the City of Altus. He seeks both compensatory and punitive damages. Defendants City of Altus ("City"), McGill and Patterson have filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

When considering whether the plaintiff's claims should be dismissed under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff, the nonmoving party. Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir. 2007). A claim will be dismissed if "the complaint does not

---

[1] *The court previously dismissed the plaintiff's claims against defendant Gooch.*

[2] *The plaintiff alleges the defendants violated his constitutional rights in conjunction with the 2006 action and by their conduct "relevant to, and leading up to" the federal lawsuit. Complaint, ¶1.*

contain enough facts to state a claim to relief that is plausible on its face." *Id.* (Internal quotations omitted). "'[T]he mere metaphysical possibility that <u>some</u> plaintiff could prove <u>some</u> set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that <u>this</u> plaintiff has a reasonable likelihood of mustering factual support for <u>these</u> claims.'" *Id*. (quoting <u>Ridge at Red Hawk, L.L.C. v. Schneider</u>, 493 F.3d 1174, 1177 (10th Cir. 2007)). According the complaint, together with its multiple attachments, the liberal construction afforded pro se litigants' pleadings, the court concludes it fails to state a § 1983 or negligence claim against the defendants and all the claims are barred by the statute of limitations.

In his complaint the plaintiff alleges that, while his former action was pending, defendant Mike Patterson publicly made false statements about him, including that he had pleaded guilty in state court to a charge of failing to register as a sex offender, which were reported in a newspaper article. The plaintiff asserts that McGill and Gooch, who represented McGill in the 2006 action, made the same misrepresentation about his guilty plea in a brief they filed on August 11, 2006. Attached to that brief, the plaintiff asserts, was a falsified state court document that also stated the plaintiff had pleaded guilty to the nonregistration charge.[3] The fact that the defendants allegedly made the same false statement shows, the plaintiff contends, that they were in "Collusion Under Color Of Law to defraud [the plaintiff] of his Constitutional and Civil Rights." Complaint, ¶ 26.

---

[3]*The plaintiff asserts that he did not plead guilty, but was found guilty at a bench trial.*

In his first cause of action the plaintiff alleges defendants Patterson, McGill and Gooch conspired to disseminate false information about him to the press and the courts. In his second cause of action he asserts a negligence claim against the City, alleging it failed to train and supervise its police officers. In his third cause of action the plaintiff asserts the defendants violated his due process rights by their "unethical and even criminal actions." Complaint, ¶42. The defendants respond to the complaint contending that slander or libel are not actionable under § 1983, that the plaintiff's allegations are insufficient to allege a substantive due process violation, and that all the plaintiff's claims are untimely.

"'To state a valid cause of action under §1983, a plaintiff must allege the deprivation by defendant of a right, privilege, or immunity secured by the Constitution and laws of the United States while the defendant was acting under color of state law.'" Garcia v. LeMaster, 439 F.3d 1215, 1217 (10th Cir. 2006) (quoting Doe v. Bagan, 41 F.3d 571, 573-74 (10th Cir. 1994)). The plaintiff has not alleged a violation of a constitutional right. The defendants allegedly erroneous assertions that the plaintiff pleaded guilty to an offense, when he was found guilty of it, do not rise to the level of a federal constitutional violation. *See* Kennedy v. Smith, 259 Fed.Appx. 150, 155 (10th Cir. 2007) (unpublished) ("Damage to one's reputation alone, however, is not enough to implicate due process protections.").

The plaintiff's federal claims fail for other reasons as well. His conclusory allegations of conspiracy are deficient,[4] *see* Kennedy, 259 Fed.Appx. at 154 ("However, a plaintiff must

---

[4] *If based on § 1985, the plaintiff's conspiracy claim also would fail for lack of allegations of racial or class-based discriminatory animus.* Dixon v. City of Lawton, 898 F.2d 1443, 1447, 1449

allege specific facts showing an agreement and concerted action amongst the defendants, and [c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.") (internal citation and quotations omitted), as are his allegations of a substantive due process violation. *See* Clark v. Edmunds, 513 F.3d 1219, 1222 (10th Cir. 2008) ("[T]he substantive component of the Due Process Clause is violated by executive action only when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.") (internal quotation omitted).

Even if the plaintiff had sufficiently pleaded a conspiracy or due process claim, those claims still would be dismissed as they are untimely – they are based on alleged actions that occurred more than two years before the complaint was filed.[5]  *See* Williams v. Shields, 77 Fed.Appx. 501, 503 (10th Cir. 2003) (unpublished) (Oklahoma two year statute of limitations for personal injury actions applies to §1983 and § 1985 claims).  The plaintiff's negligence claim, governed by the same two year statute of limitations, is similarly time-barred.[6]  12 Okla. Stat. § 95(3).  That claim also must be dismissed because, ""[i]f recovery is sought under the Political Subdivision Tort Claims Act, the petition must factually allege either

---

*n.6 (10th Cir. 1990).*

[5]*The plaintiff alleges in the complaint that the newspaper article containing defendant Patterson's asserted false statements was published on July 6, 2006.  He alleges the pleading which contained the alleged false statement, and to which was attached the allegedly falsified state court document, was filed on August 11, 2006.  Complaint, ¶25.  The plaintiff filed his complaint in this action on August 12, 2008.  Contrary to his assertion, the discovery rule does not apply to toll the limitations period.  Even if it did, the plaintiff's claims fail for other reasons.*

[6]*The court has not treated the plaintiff's second cause of action as alleging a federal claim, as negligence is not actionable under § 1983.*

4

actual or substantial compliance" with the Act. Willborn v. City of Tulsa, 721 P.2d 803, 805 (Okla.1986). The plaintiff did not allege compliance with the notice provisions of the state statute.

Accordingly, the defendants' motion [Doc. #19] is **GRANTED** and the plaintiff's claims against the City of Altus , Bob McGill and Mike Patterson are **DISMISSED**.  As the plaintiff's claims against all defendants have been dismissed, the action is **DISMISSED**.[7]

**IT IS SO ORDERED**.

Dated this 29th day of December, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[7]*The plaintiff also sued "unknown agents" as defendants. His claims against the unidentified defendants are subject to dismissal for the same reasons his claims against the named defendants fail.*